UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRUNCE SMITH,

          Plaintiff,

v.

J. SAUNDERS and J. ROSATI,

          Defendants.

Case No. 9:14-cv-0440 (BKS/DJS)

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE AND SUPPORTING TRIAL BRIEF

Defendants' filing is a pre-trial motion and "trial brief" ("Mot.") only in the sense that it seeks to do away with a trial. In reality it is a dispositive motion, seeking either dismissal or to bar Brunce Smith from presenting his case, filed more than a year late without leave (which the Court has now denied, *see* Text Order, ECF No. 120). If it is not already moot in light of the Court's Order denying leave to file dispositive motions, it should be denied for the same reasons as the Court denied leave—namely that the relevant deadline expired more than a year ago, pro bono counsel have now been appointed for trial, and trial is imminent. Defendants' motion is also incorrect on the merits. Should this Court choose to entertain any of the arguments in Defendants' "trial brief," there are four reasons to dispense with it.

**First**, Defendants waived any defense based on *Heck* because they failed to plead a *Heck* defense in a timely fashion. Defendants argue that *Heck* is jurisdictional and not subject to waiver without acknowledging an entire body of authority on that very question which says the opposite. Judge Posner, for instance, has twice spoken directly on the issue. *See Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) ("The failure to plead the *Heck* defense in timely

1

fashion was a waiver."); *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) ("We are not required to [consider a *Heck* defense], since the *Heck* defense is not jurisdictional."). The Supreme Court has indirectly spoken on it as well, considering a *Heck* defense waived at the conclusion of its opinion in *Muhammad v. Close*, 540 U.S. 749, 755 (2004)—something it could not have done if Defendants were correct here.

**Second**, *Heck* is not a basis for excluding evidence from an otherwise viable Section 1983 action. Courts have also addressed this issue, and they have found after exhaustive analysis that "a party is permitted to proceed on a Section 1983 claim, relevant evidence may not be barred under the rule announced in *Heck*." *Simpson v. Thomas*, 528 F.3d 685, 691 (9th Cir. 2008). This Court should follow them.

**Third**, there is no *Heck* issue in this case to begin with. Defendants' claim, that Mr. Smith has "pleaded himself into *Heck*-barred territory," is based on Mr. Smith's *deposition* testimony. But a deposition is not a pleading, and statements at a deposition (particularly by an unrepresented party) are not pleaded allegations. Nor can depositions be used for contention discovery. *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions . . . are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means."). Thus, if the Court conducts a *Heck* analysis, then it should respectfully confine it to the pleadings, which are not necessarily incompatible with Mr. Smith's disciplinary findings.

**Fourth**, the Court can permit Mr. Smith to sign a *Peralta* waiver. While *Peralta* waivers (and *Heck* defenses) are more common in due process cases, *Peralta's* logic applies equally to excessive force cases. Defendants' alleged basis for a *Heck* defense—the risk of incompatible findings with a disciplinary hearing that resulted in a loss of good time credit—is neutralized if

Mr. Smith agrees never to challenge that loss of good time credit. As in *Peralta*, there is no good reason why Mr. Smith should not be permitted to waive such a challenge.

**I.  Defendants' waived their *Heck* defense.**

Defendants argue that their delay in raising a *Heck* defense is immaterial because the *Heck* defense is jurisdictional and cannot be waived. In support of this point, Defendants note that courts have from time to time used "jurisdictional" language when speaking of *Heck*. Mot. at 2 (citing cases). But courts have also addressed the exact question of whether a *Heck* defense can be waived. Most have held that it can, and Supreme Court precedent requires that that be so.

**a.  Most courts have held that a *Heck* defense can be waived.**

The Second Circuit has not yet addressed whether a *Heck* defense can be waived, but a number of other courts have. Most have held the *Heck* defense is not jurisdictional and can be waived.

Judge Posner first spoke on the matter in *Carr v. O'Leary*, a case in which the defendants sat on a *Heck* defense for almost two years before they "woke up" and moved to dismiss right before trial. 167 F.3d 1124, 1125 (7th Cir. 1999). For all this time, Posner noted, "Carr's court-appointed lawyers had been working on this case, with little prospect of substantial remuneration." Judge Posner therefore reversed a district court dismissal, finding that the "failure to plead the *Heck* defense in timely fashion was a waiver." *Id.* at 1126. Calling the state's attorneys "remarkably careless in failing to assert a *Heck* defense," Judge Posner noted that, "[b]y its delay the state imposed unnecessary expenses on Carr's lawyers and on the state's taxpayers who pay the salaries of the attorney general and his staff, and an unnecessary burden on the federal courts." *Id.* *Carr* remains the law in the Seventh Circuit. *Polzin v. Gage*, 636

3

F.3d 834, 838 (7th Cir. 2011) (citing *Carr*) ("Because it is not jurisdictional, the *Heck* defense is subject to waiver.").

Other circuits have reached the same conclusion. *See Reaves v. Pa. Bd. of Prob. & Parole*, 580 F. App'x 49, 54 n.3 (3d Cir. 2014) ("We need not reach the operation of *Heck*, which is not a jurisdictional rule and may be bypassed."); *Brown v. Hill*, 438 F. App'x 336, 337 (5th Cir. 2011) (permitting district court to skip *Heck* issue); *Scribner v. Dillard*, 141 F. App'x 240, 241 n.1 (5th Cir. 2005) ("The defendants have therefore waived any defense they may have had under *Heck*.").[1]

District courts in other circuits have agreed, too, finding the *Heck* defense not jurisdictional. *Schiro v. Clark*, No. 3:10-CV-00203, 2015 WL 456537, at *2 (D. Nev. Feb. 3, 2015) ("[T]he *Heck* rule is not jurisdictional . . . . Accordingly, a *Heck* defense can be waived.") (citations omitted); *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1036 (D. Minn. 2010) ("If *Heck v. Humphrey* restricted the subject-matter jurisdiction of federal courts . . . this Court would have to decide to what extent, if any, Lawrence's claims are barred under *Heck v. Humphrey* before addressing the merits of those claims. But *Heck v. Humphrey* is not jurisdictional.") (citation omitted).

This Court should join the majority of courts and find that Defendants waived their eleventh-hour *Heck* defense.

---

[1] The First Circuit appears to consider *Heck* jurisdictional, however. *White v. Gittens*, 121 F.3d 803, 806–07 (1st Cir. 1997) (calling *Heck* a jurisdictional obstacle). We also located one Fifth Circuit case that seemed to take the view that *Heck* is jurisdictional. *See Walker v. Munsell*, 281 F. App'x 388, 389 (5th Cir. 2008) ("A *Heck* defense, however, is not waived by failure to plead it as an affirmative defense and can be brought by motion at trial."). Two Fifth Circuit cases (including one decided after *Walker*) say the opposite, however. *Brown*, 438 F. App'x at 337; *Scribner v. Dillard*, 141 F. App'x at 241 n.1.

4

### b. The Supreme Court has spoken on this issue, permitting waiver of a *Heck* defense.

Although it has not yet addressed the matter directly, the Supreme Court's ruling in *Muhammad v. Close*, 540 U.S. 749 (2004), logically requires that a *Heck* defense be waiveable. *Muhammad* involved a Section 1983 action alleging that a prison official had filed a false charge in retaliation for a prisoner's lawsuits and grievances. The Court's opinion mostly took on the question of whether *Heck* was implicated by disciplinary proceedings that did not affect the length of a prisoner's confinement (it was not). *Id.* at 754–55. But the Court also addressed the issue of waiver at the end of its opinion.

The state had argued for the first time on appeal that, just as Defendants are claiming in this case, "*Heck* [was] squarely on point because, if the Section 1983 suit succeeded, Muhammad would be entitled to restoration of some good-time credits with the result of less time to be spent in prison." *Id.* at 755. The Supreme Court refused to take up the question, writing that "this eleventh-hour contention was waived." *Id.*; *see also Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999) (Judge Posner again addressing *Heck* waiver, declining to take up what he thought was a dispositive *Heck* argument because the defendants had not raised it: "But this point is not argued by the defendants, so we'll not pursue it. We are not required to, since the *Heck* defense is not jurisdictional.") (overruled on unrelated grounds, *Baker v. McCarthy*, No. 13 C 5232, 2014 WL 1409414, at *3 (N.D. Ill. Apr. 11, 2014)); *see also Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (skipping a *Heck* argument and citing *Okoro* as "noting that *Heck* is not jurisdictional").

Of course, a jurisdictional argument cannot be waived, even if it is raised for the first time on appeal. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) ("Subject matter jurisdiction cannot be waived; thus a party can, for the first time on appeal, argue that a

5

case does not belong in federal court, even if that party failed to challenge removal."). A court *must* entertain and enforce a valid jurisdictional challenge, even where there was an "unexplained failure to raise the issue with the district court." *Id.* Thus, if *Heck* is jurisdictional, then the Supreme Court committed error by ruling at the end of *Muhammad* that a *Heck* argument was waived.

Respectfully, though, that is not for this Court to say. Until the Supreme Court "favorably terminates" its precedent, so to speak, this Court cannot issue a ruling that necessarily implies its invalidity. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ("[I]t is [the Supreme] Court's prerogative alone to overrule one of its precedents.").

### c. Defendants waived their *Heck* defense.

Defendants do not appear to contest that, if their *Heck* defense is not jurisdictional, it would be waived in this case. But lest there be any doubt, the grounds for waiver here are substantial. Defendants, who are represented by the New York Attorney General's office, have known every fact they consider relevant to their *Heck* defense for years. Yet they, like the state's attorneys in *Carr*, sat on this defense for almost two years before they "woke up" right before trial. This is unfair to Mr. Smith and his counsel.

Instead of preparing for an imminent trial for which they were appointed by this Court and for which they are working *pro bono*, undersigned counsel have been tied up briefing last-second dispositive motions. There was not even the requisite 17 days to respond to Defendants' motion because it was filed so late and styled as a pre-trial motion. *See* Local Rule 7.1(b). Situations like this one are the reason there is a waiver doctrine. *See Handy v. Johnson*, No. 96 C 3341, 1999 WL 417381, at *4 (N.D. Ill. June 15, 1999) (finding that, though the plaintiff's claim would be properly barred under *Heck*, it was waived because the defendants never raised a

*Heck* defense until just before trial, stating that "[i]t would be unfair to the plaintiff for the court to raise the issue *sua sponte* at this late stage of the proceedings"). To the extent it has not already done so, the Court should find this defense waived and proceed with trial as planned.

**II.    *Heck* is not a basis for excluding evidence from a viable Section 1983 claim.**

Defendants argue that, if Mr. Smith's Section 1983 claim is not barred by *Heck*, then Mr. Smith should be precluded under *Heck* from putting on evidence inconsistent with the results of his disciplinary findings. But *Heck* does not work that way. Once again, courts have spoken on this issue, and they have held that *Heck* is not a basis for barring evidence in a viable Section 1983 claim.

The Ninth Circuit considered this matter at length in *Simpson v. Thomas*. 528 F.3d 685 (9th Cir. 2008), reversing a district court's holding that barred prisoner testimony, based on *Heck*, in a 1983 claim similar to the instant case. There, a state prisoner brought an excessive force claim under Section 1983 against a correctional officer. *Id.* at 686. The officer directed the plaintiff to remove a sheet from his window and, when the plaintiff refused, the officer entered the cell and a struggle ensued. *Id.* at 687. The prisoner claimed the officer punched him after he was on the ground and not resisting. *Id.* But the prisoner was convicted of battery at a disciplinary hearing. *Id.* at 688. The prisoner then brought a Section 1983 suit and sought to testify that the officer punched him as soon as he entered the cell, after which he had acted in self-defense. *Id.* at 689. The district judge barred this testimony, citing *Heck*, while allowing the Section 1983 claim to proceed. *Id.*

The Ninth Circuit reversed, holding that "*Heck* does not create a rule of evidence exclusion." *Id.* at 691. It started its analysis by tracing the history of Supreme Court cases interpreting the line between Section 1983 and habeas, concluding that "[n]one of these Supreme

7

Case 9:14-cv-00440-BKS-DJS   Document 121   Filed 01/11/17   Page 8 of 16

Court cases specifically address or even imply that *Heck* may serve as an evidentiary bar." *Id.* at 695.  Rather, the court said, "this entire line of cases and repeated discussions of the interplay between Section 1983 and [habeas] demonstrate that the Supreme Court's intent in announcing the rule in *Heck* was to prevent prisoners from subverting the requirements of [habeas] by filing suit under Section 1983." *Id.*  The Second Circuit takes a similar view of *Heck's* purpose: "the purpose of the *Heck* favorable termination requirement is to prevent prisoners from using Section 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement, and that punishments related to their term of imprisonment, or the procedures that led to them (if the procedural defect at issue was critical to the imposition of the punishment), must be attacked through a habeas petition." *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

The Ninth Circuit also considered the Supreme Court's holding in *Dowling v. United States*, 493 U.S. 342 (1990), in which the Court found it permissible under the Double Jeopardy clause to admit testimony regarding a crime for which a defendant had been *acquitted*.  *Simpson*, 528 F.3d at 695.  The court viewed *Dowling* as supportive of its determination that "evidence is not barred merely because a claim may be." *Id.* at 696.

For these reasons, the Court held that "*Heck* is not an evidentiary doctrine." *Id.* "Therefore," the court said, if "a party is permitted to proceed on a Section 1983 claim, relevant evidence may not be barred under the rule announced in *Heck*." *Id.* at 691; s*ee also Melton v. Murphy*, No. CIV.A.05-366, 2008 WL 2697333, at *2 (E.D. Pa. July 9, 2008) (adopting *Simpson*).  Absent countervailing, controlling case law—and we know of none—this Court should follow this rule.

8

### III. Mr. Smith's excessive force claim is not necessarily inconsistent with his disciplinary findings.

Even if this Court finds that Defendants' *Heck* argument was not waived and that *Heck* can be a basis for excluding evidence, *Heck* does not apply in this case because Mr. Smith's excessive force claim is not necessarily inconsistent with the findings of his disciplinary hearing.

The Second Circuit considers "excessive force claims" as "the most obvious example" of claims that do not implicate *Heck*. *Poventud v. City of New York*, 750 F.3d 121, 163 (2d Cir. 2014). Thus, this Court has repeatedly explained, "it is 'well established that an excessive force claim does not usually bear the requisite relationship under *Heck* to mandate its dismissal.'" *McGrew v. Holt*, No. 6:13-CV-792, 2015 WL 736614, at *4 (N.D.N.Y. Feb. 20, 2015). Only where a claim for use of excessive force has the "requisite relationship to the conviction" can a *Heck* defense be raised. *Jackson v. Suffolk Cty. Homicide Bureau*, 135 F.3d 254, 256–57 (2d Cir. 1998).

The reason that excessive force claims almost never implicate *Heck* is because, as courts of this Circuit consistently recognize, the relevant inquiry for an excessive force claim is whether an appropriate amount of it was used given the circumstances, not whether *any* force was justified. *See, e.g.*, *McGrew*, 2015 WL 736614, at *5; *Sales v. Barizone*, No. 03 CIV. 6691RJH, 2004 WL 2781752, at *14 (S.D.N.Y. Dec. 2, 2004); *Smith v. Fields*, No. 95 CIV. 8374 (DAB), 2002 WL 342620, at *4 (S.D.N.Y. Mar. 4, 2002); *Dabney v. Pegano*, No. 9:10-CV-1109 GTS/TWD, 2013 WL 5464776, at *19 (N.D.N.Y. Sept. 30, 2013), aff'd, 604 F. App'x 1 (2d Cir. 2015); *Wynter v. Ramey*, No. 9:11-CV-0257, 2013 WL 5465343, at *8 (N.D.N.Y. Sept. 30, 2013). Courts are therefore "hesitant to dismiss complaints alleging excessive force even at the summary judgment stage if conflicts exist in the record regarding the degree and justification of

9

force." *Jeanty v. Cty. of Orange*, 379 F. Supp. 2d 533, 541 (S.D.N.Y. 2005) (internal quotations omitted).

That is precisely the circumstance here. Mr. Smith alleged that Defendants Rosati and Saunders used excessive force when they and others punched, kicked, and struck Mr. Smith with batons during an altercation in 2011. A verdict in Mr. Smith's favor would only establish that some combination of the two named Defendants applied too much force during that incident. *See Pl's. Prop. Special Verdict Form*. ECF No. 106. It would have no bearing on the findings of the disciplinary hearing. To find for Mr. Smith, the jury need not decide whether a weapon was present, whether Mr. Smith assaulted the officers, or whether Mr. Smith refused direct orders. It could, for example, (1) refuse to credit Mr. Smith's explanation for the altercation, and (2) credit the Defendants' contention (and the finding of the disciplinary hearing) that Mr. Smith had a weapon and punched Defendant Saunders, but still find that one or both Defendants' responses were disproportionate. Because a verdict on Mr. Smith's excessive force claim would not necessarily contradict the disciplinary hearing, *Heck* does not apply to his claim.

The fact that Mr. Smith will offer a competing narrative for why this altercation occurred and how it unfolded does not alter this analysis. *Dabney* is instructive. The dispute there concerned a physical altercation between a prisoner and several guards. The plaintiff was found guilty, in absentia, at a prison disciplinary hearing of (i) assault, (ii) possession of a weapon, (iii) refusing a direct order, and (iv) refusing a search and frisk. *Dabney*, 2013 WL 5464776, at *19. He later brought a Section 1983 claim arguing, among other things, that the defendants used excessive force during that incident. Critically, the plaintiff maintained that he was actually innocent of disciplinary violations for which he was sanctioned, that the defendants attacked him

10

without provocation, and that the defendants planted a weapon on him, all of which necessarily implied that the disciplinary reports relied upon at the subsequent hearing were false. *See id.*

The defendants in that case made the same argument that Defendants attempt here: that *Heck* barred the excessive force claims because, "in order to show that officers were unjustified in using force against him, plaintiff must prove set of facts which are irreconcilable with those on which [the hearing officer] found him guilty," and that the plaintiff's version of events, if believed by a jury, "would directly implicate the validity of his disciplinary conviction and sentence." Defs.' Mem. in Supp. S.J. Mot., *Dabney v. Pegano*, 10-cv-01109, ECF No. 30-1 at 8–10 (filed Nov. 27, 2012) (excerpt attached as Exhibit A). The court rejected that argument, finding that the touchstone of an excessive force claim was the officers' actions, not the plaintiff's, and, therefore, the disciplinary findings against plaintiff did not "preclude a finding that the corrections officers also used excessive force . . . during this incident." *Dabney*, 2013 WL 5464776, at *19.

The facts of this case are analogous to *Dabney*. Both plaintiffs alleged excessive force claims with a common nucleus of facts with prior disciplinary proceedings. *Compare* Mot. at 12–13, *with Dabney*, 2013 WL 5464776, at *2. Both prison disciplinary hearings found the plaintiff guilty of assault, possession of a weapon, and refusing a direct order. *Compare* Mot. at 15, *with Dabney*, 2013 WL 5464776, at *3. And both plaintiffs maintained they were innocent of those charges and that the defendants' reports of misconduct were false. *Compare* Mot. at 15, *with Dabney*, 2013 WL 5464776, at *2. If, as Defendants concede, "the facts [in *Dabney]* would not necessarily imply that the prior convictions were invalid," Mot. at 7, then same must be true here and *Heck* does not bar Mr. Smith's claim.

Defendants attempt to distinguish this case from *Dabney* and similar Section 1983 excessive force cases on the basis that Mr. Smith does not specifically allege any improper force was used after restraints were applied. *See* Mot. at 7, 12. But Mr. Smith, in his *pro se* complaint, actually makes a perfectly analogous claim, alleging that Defendants continued to kick, punch, and strike him with batons *after* he collapsed to the floor. Compl. at 7. Just as in *Dabney*, whatever Mr. Smith is claimed to have done to earn the force used against him, it would not have justified the continued use of force after he was incapacitated, whether in restraints or not. Beating an inmate to the ground and then *continuing* to beat him raises the same inference of disproportionality as beating an inmate after the application of restraints. Defendants' "distinction" is without a difference.

In any event, Defendants' position fails because it depends entirely on Mr. Smith's *deposition testimony*, which is not a pleading. *See* Mot. at 12, 14–15. Every single inconsistency raised in Defendants' table on pages 14 and 15 of their brief cites only deposition testimony. Defendants rely on *Shapard v. Attea* as supportive, but it appears that *Shapard* itself erroneously relied on deposition testimony as a substitute for pleadings in reviewing a *Heck* defense. *See Shapard v. Attea*, No. 08-CV-6146, 2016 WL 4001362, at *2, *5 (W.D.N.Y., July 26, 2016) (holding that the plaintiff "pleaded himself out of court" and citing deposition testimony inconsistent with his disciplinary findings).

This is an improper use of deposition testimony. A plaintiff cannot "plead himself" into anything at a deposition because a deposition is not a pleading or a venue for contention discovery. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions . . . are designed to discover facts, not contentions or legal

theories, which, to the extent discoverable at all prior to trial, *must* be discovered by other means.") (emphasis added).

For all of these reasons, the Court should find that *Heck* is inapplicable to Mr. Smith's claims for excessive force.

**IV.    Mr. Smith should be permitted to disclaim any challenge relating to his loss of good time if necessary to proceed with this case, in accordance with *Peralta*.**

Defendants' claim that "[t]he execution of a *Peralta* waiver would not remedy the lack of jurisdiction under *Heck*," Mot. at 16, but they still have not said why.

Defendants' position regarding *Peralta* leans heavily on the existence of two categories of cases identified in *Heck* as potentially implicating its rule: (1) claims for unconstitutional conviction or imprisonment and (2) claims for "other harms" caused by actions whose unlawfulness would render a conviction or sentence invalid. We do not dispute that *Peralta* addressed a situation that fell into the first category. Nor do we dispute that courts such as in *Wynter*, have considered *Peralta* waivers as curing due process claims while not considering whether the *Peralta* waivers might also affect other claims. 2013 WL 5465343, at *8. This case may indeed present a novel application of *Peralta* (though it also presents a novel application of *Heck*). *See id.* (calling the defendant's identical *Heck*-based argument "novel" before rejecting it)). But the fact that no Section 1983 plaintiff (likely acting pro se) has pointed out the logical implications of *Peralta* does not bear on the force of those implications.

Defendants correctly acknowledge that Mr. Smith is not challenging his loss of good time in this case. Mot. at 19. So, they ask, "How could the execution of a waiver as to a plaintiff's willingness to forego such a challenge to sanctions (when his underlying case has nothing whatsoever to do with the process or the sanction) have any relevance to the analysis?" *Id.*

13

The answer is that Mr. Smith's loss of good time is *the only* basis for Defendants' *Heck* argument. It is the only aspect of Mr. Smith's disciplinary proceedings that affected the duration of his confinement, and therefore the only part that could give rise to a habeas action and thereby raise a *Heck* concern. But Mr. Smith, like those who sign *Peralta* waivers, is not interested in challenging his loss of good time, and he has never indicated otherwise. So, like those who sign *Peralta* waivers, by waiving the right to challenge that sanction, Mr. Smith eliminates the *Heck* concern completely.

Defendants claim that, "If officers are found, as urged by the Plaintiff, to have attacked the Plaintiff without provocation with retaliatory motivations, the convictions of the Plaintiff in his disciplinary proceeding would be implicitly invalid. This result is not permissible under *Heck*, and would remain unaffected by the execution of a *Peralta* waiver." Mot. at 19. Not so. Even if Mr. Smith's victory in his Section 1983 suit necessarily invalidated his disciplinary convictions, that would only be a *Heck* issue if he could then use that victory to challenge his loss of good time. A *Peralta* waiver, disclaiming forever the right to challenge sanctions affecting the duration of confinement, would eliminate that issue.

## CONCLUSION

Defendants' *Heck* defense is (1) waived, (2) not a basis for excluding evidence, (3) not applicable to this case, and (4) curable if necessary with a *Peralta* waiver. Plaintiff respectfully submits that this Court should choose any one of these options and let this case proceed as planned.

January 11, 2017

                                              Respectfully submitted,

                                              */s/ Dan Starck*_____
                                              Dan Starck *admitted pro hac vice*
                                               202-639-7847
                                               daniel.starck@bakerbotts.com
                                              Erik Koons (Bar No. 302351)
                                              William Lavery *admitted pro hac vice*
                                              Andrew George *admitted pro hac vice*

                                              Baker Botts L.L.P.
                                              1299 Pennsylvania Avenue, N.W.
                                              Washington, DC 20004

                                              *Trial Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 11, 2017, I filed a true and correct copy of the forgoing with the Clerk of the Court for the United States District Court for the Northern District of New York using the CM/ECF system, which will send notice of electronic filing and serve the forgoing on all counsel of record registered with the CM/ECF system.

                                                               */s/ Dan Starck*